In re **CAREER ACADEMY ANTITRUST LITIGATION.**

**ELWONGER**

v.

**CAREER ACADEMY, INC.**

**KATZ**

v.

**CAREER ACADEMY, INC.**

**RAKES et al.**

v.

**CAREER ACADEMY, INC., et al.**

**BROWN**

v.

**CAREER ACADEMY, INC., et al.**

**BREELAND et al.**

v.

**CAREER ACADEMY, INC., et al.**

**BAKER**

v.

**CAREER ACADEMY, INC., et al.**

**MDL No. 98. Nos. 71–C–409, 71–C–429, 72–C–270, 72–C–272, 72–C–276 and 72–C–325.**

United States District Court, E. D. Wisconsin.

Feb. 9, 1973.

Hersh, Stupar, Stepke, Gollin & Schulz by Frederick Hersh, Milwaukee, Wis., for Byford Elwonger, in No. 71–C–409, and Fred Katz in No. 71–C–429.

Godfrey & Kahn by Wm. H. Alverson, and James Ward Rector, Milwaukee, Wis., for Career Academy in Nos. 71–C–409 and 71–C–429.

Charles T. Sykes, Jr., Gulfport, Miss., for Joe F. Rakes.

William M. Rainey, White & Morse, Gulfport, Miss., for Career Academy in No. 72–C–270.

Harry A. Young, Jr., Irvin F. Richman, Allen C. Engerman, Chicago, Ill., for Jimmy Brown.

Jenner & Block by Russell J. Hoover, Chicago, Ill., for Career Academy in No. 72–C–272.

Cooper & Hurewitz by Rubin M. Turner, Beverly Hills, Cal., for Vicky Breeland.

Manatt, Phelps, Copeland & Rothenberg by Alan I. Rothenberg and Barnet Reitner, Los Angeles, Cal., for Career Academy in No. 72–C–276.

David Berger, Herbert B. Newberg and Leonard Barrack, Philadelphia, Pa., for Morton Baker.

Wolf, Block, Schorr & Solin-Cohen by Franklin Poul, Philadelphia, Pa., for Career Academy in No. 72–C–325.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

These cases were consolidated for coordinated pretrial proceedings and transferred to this court pursuant to 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation. In accordance with the first principal (preliminary) pretrial order, a motion for class action determination was filed on September 14, 1972, and subsequently briefed. It was a "joint" motion filed by three attorneys on behalf of four separate plaintiffs who each sought to be designated a class representative.

In a decision and order dated November 22, 1972, I indicated that class action treatment might well be warranted in some fashion, but I denied the motion as presented. Allowing such a motion would have resulted after return of the cases to the transferor districts, in four separate class actions involving the same class. It was pointed out that this was one of the difficulties which consolidation is designed to avoid.

Counsel were given an opportunity to brief the matter of representation. The four plaintiffs named in the original motion have advised me that the *Brown* case should be granted class action status. Counsel for Mr. Brown has submitted a proposed order for my approval. That order would establish a class consisting of

"all persons who executed franchise agreements with defendant Career Academy, Inc. and who paid consideration for the franchises granted to them under such franchise agreements, from January 1, 1969 to the date hereof, and who either still are franchisees of Career Academy, Inc. or who were terminated as franchisees of Career Academy, Inc., and who suffered loss thereby."

The order would also designate the three attorneys who filed the original joint motion as co-lead counsel for the class. Finally, the order contains a proposal for resolving the question of notice to potential class members.

The defendants do not oppose the issuance of an order determining that class action status is appropriate. They do disagree with the breadth of the class proposed, the designation of the three attorneys as co-lead counsel and the form of the proposed order. I believe that several of those objections are well taken.

■ The plaintiff Brown sues both Career Academy, Inc., (Career) and Career Inbanco, Inc., (Inbanco), an "area director" of Career. He alleges a conspiracy between them to his detriment as a "regional director". Area directors and regional directors have been characterized by the defendants as similar to wholesalers and retailers, respectively. In attempting to establish a class of "franchisees", Mr. Brown seeks to represent both area and regional directors. Considering his conspiracy claim, it would appear that this position is untenable; his claim as a regional director would be antagonistic to the claims of some members of the class if area directors were to be included.

■ Career also challenges the propriety of allowing a class to include regional directors who still do business with Career. A regional director who has maintained his original relationship with Career may well prefer to stay in business rather than become a beneficiary of litigation which might seriously damage Career. Gerlach v. Allstate Insurance Co., 338 F.Supp. 642 (S.D.Fla. 1972). Career admits, however, that regional directors are no longer functioning as such in the United States. Some former regional directors are merely operating as commissioned sales agents. I do not believe a continuing relationship of the latter nature is significant

enough to warrant excluding them from the class at its inception.

 I see no need to designate lead counsel for the class at this stage, and I decline to do so. Were I to consider such a designation now, or should the need arise in the future, I am not persuaded that the proposal offered by Mr. Young, Mr. Brown's counsel, would be appropriate. That proposal would name Mr. Hersh and Mr. Berger as co-lead counsel with Mr. Young. Mr. Hersh and Mr. Berger have not entered appearances in the *Brown* case; they represent plaintiffs in three separate cases which have been combined with *Brown* and other cases for pretrial proceedings only. They are presently proceeding independently of the class and would, therefore, be excluded from it. See Rule 23(c)(2), (3), Federal Rules of Civil Procedure. Furthermore, such a designation would appear to violate the spirit of § 1.44, Manual for Complex Litigation (1973).

Nothing stated herein should be read as to discourage all plaintiffs' counsel in the various cases before the court from voluntarily selecting lead counsel for these pretrial proceedings. Such lead counsel, however, would act on behalf of all parties having common interests, not just on behalf of the *Brown* class. See § 1.92, Manual for Complex Litigation (1973).

I find, therefore, that the prerequisites of Rule 23(a) and the requirements of Rule 23(b)(3) are satisfied; the *Brown* action will be allowed to proceed as a class action in accordance with the above qualifications. This determination is conditional, subject to modification by either this court or the transferor court, should discovery or future developments so warrant.

Therefore, It is ordered that Brown v. Career Academy, Inc., et al., Case No. 72–C–272, one of the combined cases herein, be maintained as a class action on behalf of all persons who (1) executed franchise agreements for regional directorships with Career Academy, Inc., between January 1, 1969, and this date, (2) were terminated as regional directors of Career Academy, Inc., and (3) suffered loss thereby.

It is also ordered that counsel for Mr. Brown and the defendants submit in writing, within 30 days of this order, their view with respect to the form of notice to be given to members of the class, the manner of communicating such notice to be given to members of the pense of communication. Notice will be given at such time as is determined by further order of the court.